**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| iROBOT CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:21-cv-10155 ) |
| SHARKNINJA OPERATING LLC, SHARKNINJA MANAGEMENT LLC, SHARKNINJA MANAGEMENT CO., SHARKNINJA SALES CO., EP MIDCO LLC, | ) JURY TRIAL DEMANDED ) ) ) ) ) |
| Defendants. | ) ) |

## JOINT STATUS REPORT

Pursuant to 28 U.S.C. § 1659 and Defendants' unopposed motion for a stay (Dkt. 14), this case is currently stayed pending resolution of an investigation at the International Trade Commission covering infringement allegations for the same patents that are at issue in this district court case. Dkt. 17. *In the Matter of Certain Robotic Floor Cleaning Devices and Components Thereof,* Investigation No. 337-TA-1252. The parties submit this report to update the Court on the status of the ITC investigation and related proceedings in the Patent Office.

As discussed further below, the ITC's determination is not yet final pending resolution of an appeal by SharkNinja. As such, the automatic stay of this case should continue pursuant to 28 U.S.C. § 1659. *In re Princo Corp.*, 486 F.3d 1365, 1369 (Fed. Cir. 2007) ("[A] Commission proceeding does not 'become final' [under 28 U.S.C.A. § 1659] until all appeals are exhausted.").

In this case, iRobot alleges that Defendants infringe five of iRobot's patents: United States Patent Nos. 7,571,511 (the '511 patent), 9,884,423 (the '423 patent), 10,296,007 (the '007 patent), 10,813,517 (the '517 patent), and 10,835,096 (the '096 patent). iRobot also asserted all five of

these patents against Defendants in a parallel ITC investigation.  In response to iRobot's assertions, Defendants challenged the patentability of all five patents at the Patent Office.  As explained in more detail below, the ITC investigation and two of the Patent Office proceedings are currently on appeal to the U.S. Court of Appeals for the Federal Circuit.  The parties respectfully submit that the case should remain stayed for now and propose that they will submit another status update upon completion of these pending appeals.

1.        International Trade Commission – Investigation No. 337-TA-1252

On March 21, 2023, the ITC issued its Final Determination finding a violation of Section 337 of the Tariff Act of 1930 and issued a limited exclusion order and cease and desist order.  The violation is based on the Commission's finding that Defendants infringe claims 1 and 9 of U.S. Patent No. 10,813,517 ("the '517 Patent") and its finding that those claims are not invalid.  On July 14, 2023, Defendants filed a notice of appeal from the Commission's determination.   That appeal is still pending, and thus the Commission's determination as to the '517 patent is not yet "final" under 28 U.S.C. § 1659.  *In re Princo Corp*., 486 F.3d 1365, 1369 (Fed. Cir. 2007) ("[A] Commission proceeding does not 'become final' [under 28 U.S.C.A. § 1659] until all appeals are exhausted.").

For the other four patents, the ITC did not find a violation of Section 337 with respect to the claims asserted at trial.

2.        IPR2021-00545 and Appeal No. 23-1151 Regarding the '511 Patent

On February 26, 2021, Defendants filed an inter partes review ("IPR") challenging the patentability of claims in the '511 patent.  On September 6, 2022, the Patent Office issued its Final Written Decision.  The Patent Office found that Defendants had demonstrated unpatentability for claims 1, 8-12, 14, 16-19, 22, and 23, but that they had not demonstrated unpatentability for claims 24, 25, 32-34, 36, 37, 55, 56, or 62, all of which are asserted in the present case.

On November 8, 2022, Defendants filed a notice of appeal, challenging the Patent Office's findings that claims 24, 25, 32-34, 36, 37, 55, 56, and 62 are not unpatentable.  The parties have completed briefing and are awaiting scheduling of oral argument.

### 3.    IPR2021-00544 and Appeal Nos. 23-1398 and 23-1416 Regarding the '423 Patent

On February 24, 2021, Defendants filed an IPR challenging the patentability of claims in the '423 patent.  On November 14, 2022, the Patent Office issued its Final Written Decision.  The Patent Office found that Defendants had demonstrated unpatentability for claims 1-4, 6-8, 10, 12-15, 18-23, 25, and 26, but that they had not demonstrated unpatentability for claim 9, which is asserted in the present case.

On January 12, 2023, iRobot filed a notice of appeal (23-1398), challenging the Patent Office's findings of unpatentability.  On January 13, 2023, Defendants filed a notice of appeal (23-1416) challenging the Patent Office's finding that claim 9 is not unpatentable.  The two appeals were consolidated.  Briefing is ongoing.

### 4.    Patent Office Proceedings on the '007, '096, and '517 patents

On March 16, 2021, Defendants filed a petition for post-grant review ("PGR") challenging the patentability of claims in the '517 patent (PGR2021-00065).  On September 7, 2021, the Patent Office denied institution of a PGR, finding that Defendants' petition did not establish that the challenged claims are eligible for PGR and did not demonstrate that it is more likely than not that at least one of the challenged claims is unpatentable.  No appeal was taken from that decision.

On March 19, 2021, Defendants filed a petition for PGR challenging the patentability of claims in the '096 patent (PGR2021-00066).  On August 27, 2021, Defendants filed a motion to withdraw their petition, which the Patent Office granted on August 31, 2021.

On September 24, 2020, Defendants filed an IPR challenging the patentability of claims in the '007 patent (IPR2020-01639).  On April 11, 2022, the Patent Office issued its Final Written Decision.  The Patent Office found that Defendants had demonstrated unpatentability for all claims.

## **<u>CONCLUSION</u>**

The parties respectfully submit that the case should remain stayed for the time being and propose that they will submit another status update upon completion of any of the pending appeals described above.

Dated: September 1, 2023

/s/ Sean McEldowney
T. Christopher Donnelly
tcd@dcglaw.com
Peter E. Gelhaar
peg@dcglaw.com
Timothy H. Madden
thm@dcglaw.com
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street
Suite 1600
Boston, MA 02110
Telephone:  (617) 720-2880
Facsimile:  (617) 720-3554

Gregg F. LoCascio, P.C. (*pro hac vice*)
gregg.locascio@kirkland.com
Sean McEldowney (*pro hac vice*)
sean.mceldowney@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5000
Facsimile:  (202) 389-5200

Robin A. McCue (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60613
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel for Plaintiff*
*iRobot Corporation*

/s/ Brian A. Rosenthal
Alissa K. Lipton BBO #678314
alissa.lipton@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1643

Luke J. McCammon (*pro hac vice*)
luke.mccammon@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Erika Harmon Arner (*pro hac vice*)
erika.arner@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Brian A. Rosenthal (*pro hac vice*)
barosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

*Counsel for Defendants SharkNinja*
*Operating LLC, SharkNinja Management*
*LLC, and SharkNinja Sales Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the CM/ECF system and will be sent

electronically to the registered participants identified on the Notice of Electronic Filing.

*/s/ Sean McEldowney*
Sean McEldowney